GRIMES, Chief Judge.
This is a petition for writ of certiorari to review an order requiring petitioners to post a $10,000 bond as a prerequisite to maintaining count two of their suit against the respondents. We grant the writ.
The action arose out of a dispute over the sale of an Oldsmobile Cutlass automobile. The sales contract indicated that'an 8-cylin-der automobile was to be the subject of the transaction. A 6-cylinder model was delivered. The buyers later demanded that an 8-cylinder Cutlass be substituted, but the seller refused. The buyers filed a four-count complaint against Palm Chevrolet and its salesman, Brannon, demanding specific performance, compensatory damages and punitive damages. Count two of the complaint was brought pursuant to the Florida Deceptive and Unfair Trade Practices Law, Section 501.201-501.213, Florida Statutes (1977).
The respondents filed a verified motion to strike the complaint as a sham in which they asserted that the provision in the contract for an 8-cylinder engine was a scrivener’s error and that it was obvious from stickers attached to the car windows and from the car itself that it was only a 6-cyl-inder model. The respondents also moved to dismiss count two and to require the petitioners to post a bond in order to pursue that count of their complaint.
Following a hearing which consisted only of arguments of counsel, the court denied the motions to strike and to dismiss but granted the motion to require a bond and set the amount of the bond at $10,000.
The motion to set bond was made pursuant to Section 501.211(3), Florida Statutes (1977), which provides:
In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefor, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney’s fees. This subsection shall not apply to any action initiated by the enforcing authority. (Emphasis supplied.)
In view of the specific wording of the statute, we believe that the court was not permitted to require a bond without hearing evidence concerning the need for a bond.
The purpose of requiring a bond is to provide defendants an opportunity for redress for harassment rather than to discourage plaintiffs from seeking access to the courts. It is not every plaintiff who can be required to post a bond; only those plaintiffs whose suits appear to be without *1235 merit are subject to the requirement. Therefore, evidence must be directed toward the merits of the cause of action which is being prosecuted under the statute. Moreover, the amount of any bond which is required should not exceed the amount of damages the defendants might legally be able to recover from the plaintiffs should the plaintiffs lose.
The order requiring the posting of the bond is hereby quashed. Upon remand the court may conduct a new hearing following the dictates of this opinion.
HOBSON and RYDER, JJ., concur.